IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA LASINSKY, | CIVIL DIVISION |
| Plaintiff, | No. |
| v. | |
| GRANE HEALTH CARE,<br>AMBER HILLS ASSISTED LIVING &<br>CAMBRIA CARE CENTER, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Joshua Lasinsky, by and through counsel Jason A. Archinaco, Esquire, Robert A. Bracken, Esquire, Michael A. O'Leary, Esquire and Archinaco/Bracken LLC and files the following Complaint in Civil Action and avers as follows:

## PARTIES AND NATURE OF THE ACTION

1. Plaintiff, Joshua Lasinsky, is a resident of the Commonwealth of Pennsylvania, with an address 271 S. Curve Road, Altoona, Pennsylvania 16601. At all times relevant hereto, Plaintiff was an employee of Defendants.

2. Defendant, Cambria Care Center ("Cambria Care") is a skilled nursing center located at 429 Manor Drive, Ebensburg, Pennsylvania 15931.

3. Defendant, Amber Hills ("Amber Hills") is an assisted living facility that is located within Cambria Care. As such, it is also located at 429 Manor Drive, Ebensburg, Pennsylvania 15931.

4. Defendant, Grane Health Care ("Grane") owns several skilled nursing centers and assisted living facilities throughout Pennsylvania, including Amber Hills and Cambria Care. Grane's corporate headquarters are located at 209 Sigma Drive, Pittsburgh, Pennsylvania 15238.

5. All Defendants are related entities and are engaged in the care of the sick, aged and/or mentally ill.

6. Plaintiff brings this action for damages under the Federal Labor Standards Act ("FLSA"), 29 U.S.C.§ 201, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

7. Plaintiff also brings this action under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

8. Plaintiff also brings this action under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.[1]

## JURISDICTION AND VENUE

9. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. §1367.

10. Venue is appropriate in this Court under 28 U.S.C. § 1391 because the parties reside in this judicial district, do business therein, and the events giving rise to this Complaint arose in this judicial district.

---

[1] In addition to Plaintiff's claims set forth herein, Plaintiff has simultaneously filed a separate action before the Equal Employment Opportunity Commission (EEOC) complaining of gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended.

## FACTUAL ALLEGATIONS

11. Defendants are all "employers" within the meaning of the FLSA, WPCL and PMWA.

12. Plaintiff is not exempt from the overtime provisions of the FLSA.

13. Employers are required by federal and state law to compensate each employee who works in excess of forty (40) hours in one 7-day workweek for all hours exceeding 40 at a rate not less than one and one-half times the regular rate at which the employee is employed, unless the employee is "exempt" from the overtime provisions of the applicable statutes.

14. However, pursuant to 29 U.S.C. §207(j), an employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill, such as the Defendants in this case, may use the "8 and 80" system, which requires employers to pay overtime for every hour worked in excess of eight hours per day and for every hour worked in excess of 80 hours during a 14-day work period, provided that the employer and employee have an agreement to use the "8 and 80" system before any work is performed.

15. Under the FLSA, Defendants can use both the standard 40-hour overtime system and the "8 and 80" overtime system for different employees in the same workplace, but they cannot use both systems for a single individual employee, i.e. the Plaintiff in this case.

16. Plaintiff was first employed by Cambria Care from December 2011 to February 2014. Plaintiff worked for Cambria Care as a licensed practical nurse ("LPN").

3

17. Pursuant to company policy, which was applicable to both Cambria Care and Amber Hills, "hourly employees agreeing to a 40 hour work week would be paid 1 ½ times their usual rate for all time in excess of 40 hours per week."

18. Additionally under the policy, "[a]ll other employees working more than 8 hours per day or 80 hours per two week pay period will be paid at the overtime rate of 1 ½ times their usual rate for all time in excess of 8 hours per shift or 80 hours per two week pay period."

19. From February 2014 to January 2, 2016 Plaintiff became employed by Amber Hills, again working as an LPN.

20. Upon information and belief, Plaintiff and Defendants never reached any agreement as to how Plaintiff would be paid overtime during his employment with both Cambria Care and Amber Hills.

21. The parties did agree that Plaintiff would work 8 hour shifts. However, after a few weeks Plaintiff's schedule was changed and he was then required to work 12 hour shifts even though he remained an 8 hour employee.

22. As such, Plaintiff should have been paid as an "8 and 80" employee per company policy.

23. While employed by Cambria Care and Amber Hills, Plaintiff was paid bi-weekly on an hourly basis, with his compensation ultimately being determined by the number of hours he worked in any given pay period.

24. While employed by Cambria Care, Plaintiff's hourly rate was about $17.35/hour plus a shift-differential in amounts ranging of $1.00 to $1.50 depending upon which shift Plaintiff was working.

4

25. While employed by Amber Hills, Plaintiff's hourly rate was $17.75 plus a shift-differential in amounts ranging of $1.00 to $1.50 depending upon which shift Plaintiff was working.

26. Plaintiff routinely worked more than 8 hours in a given work day and more than 80 hours in a two-week pay period during his employment with Cambria Care and Amber Hills.

27. As such, Plaintiff was to be paid overtime at time-and-one-half his regular rate of pay for any hours worked in excess of 8 hours in a given work day and for any hours worked in excess of 80 hours in a given two-week pay period as a term and condition of his employment.

28. In December 2014, Plaintiff, while speaking with several of his female colleagues, learned that he was being paid less than the other female LPNs working for Defendants.

29. More specifically, Plaintiff learned that he was not properly being compensated the proper shift-differential nor was he properly being compensated for the amount of overtime he was working.

30. Plaintiff was and still is unaware as to how long he was not being paid the proper shift-differential and overtime that he was owed.

31. Upon learning that he was not being paid correctly, Plaintiff attempted to contact two employees of Defendants in order have his pay corrected.

32. From February 4, 2015 until April 15, 2015, Plaintiff sent four (4) emails to Pamela Hensal, the facilities administrator for Amber Hills, and Brenda Yeckley, the payroll administrator for Amber Hills and Cambria Care, informing them that Plaintiff

5

was not being paid correctly and asked that they fix the problem. Plaintiff also requested that should Ms. Hensal and/or Ms. Yeckley be unable to resolve the issue themselves, that they provide him with the contact information of someone who can assist him in having his pay corrected.

33. On April 15, 2015, Ms. Yeckley replied to Plaintiff and informed him that since April 29, 2012, he was coded in their system as working 12 hours shifts and only being entitled to receive overtime in excess 40 hours per week and not in excess of 8 hours per day.

34. Ms. Yeckley's email essentially confirmed that Plaintiff was being paid overtime differently than the other female LPNs at Cambria Care and/ or Amber Hills despite never agreeing to be paid overtime for hours worked in excess of 40 hours per work week, per company policy.

35. Then, in or around September 2015, Defendants conceded and admitted to Plaintiff that he was not being paid overtime appropriately.

36. Accordingly, in or around September 2015, Plaintiff began being paid overtime pursuant to the company's 8 and 80 policy until he was laid off on January 2, 2016.

37. Despite the fact that Defendant was given notice by Plaintiff that he had been working in the manner described above and not receiving the full amount of overtime to which he was owed, Defendant refused to correct Plaintiff's overtime pay and continued to not pay Plaintiff the full amount of overtime to which he was entitled.

38. Indeed, Plaintiff has requested payment of all the overtime pay he should have received to date, yet despite Defendants' response to Plaintiff that he was in fact

6

entitled to receive back pay to make up for his lost overtime, and that Defendants' would work on paying it back to him even though it would be very time consuming to accomplish, Plaintiff was never paid back the overtime that he was owed.

39. As a result of Defendants' actions, Plaintiff was not being fully compensated for the full amount of overtime he worked.

40. Defendants knew or should have known that their actions were illegal and a violation of their own overtime policies.

41. Defendant's failure to compensate Plaintiff for his work in excess of 40 hours per workweek at rates not less than one and one-half times the regular rates at which he was employed, was intentional and willful.

42. Alternatively, Defendant's failure to compensate Plaintiff under the "8 and 80" system was intentional and willful.

43. Additionally, Defendant's failure to compensate Plaintiff by paying him the proper shift-differential at all relevant times, was intentional and willful.

44. Because of the allegations set forth above, Plaintiff is unable to state the exact amount owed to Plaintiff, though Plaintiff believes the information can be obtained through discovery proceedings.

45. Plaintiff requests that any damages and/or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## COUNT I – FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION

46. Paragraphs 1 through 45 are incorporated by reference as if the same were fully set forth herein.

47. At all times relevant, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §201, *et. seq.*

48. At all times relevant, Defendant was an employer within the meaning of 29 U.S.C. §201, *et. seq.*

49. Plaintiff is non-exempt within the meaning of the FLSA and is thus entitled to the benefits of the FLSA's overtime wage requirements.

50. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

51. Section 207(a)(1) of the FLSA states that employees must be paid overtime equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

52. Alternatively, Section 207(j) of the FLSA provides that an institution primarily engaged in the care of the sick, the aged or the mentally ill may use the "8 and 80" system so long as the employee and employer agree to use this system before any work is performed by the employee.

53. As a consequence of Defendant's illegal practices set forth above, Plaintiff has been denied statutory overtime wages.

54. Defendants' refusal to properly pay Plaintiff the correct shift-differential, refusal to pay Plaintiff overtime wages and refusal to correct Plaintiff's pay when he

repeatedly reported to his employer that he was not properly being paid overtime is a willful violation of the FLSA wage requirements.

55. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b) as well as the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT II – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

56. Paragraphs 1 through 55 are incorporated by reference as if the same were fully set forth herein.

57. The overtime wages and shift-differential wages Plaintiff is owed constitute a wage within the meaning of the WPCL.

58. The foregoing actions and/or omissions of Defendants constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S. § 260.1, *et seq.*

59. Pursuant to 43 P.S. §§ 260.9 and 260.10, Plaintiff is entitled to payment of overtime wages that were not paid, liquidated damages in greater amount of $500 or 25% of the total amount of wages due, and attorney's fees and costs.

60. In the alternative to liquidated damages, Plaintiff is entitled to the payment of interest.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated

damages, interest, attorney's fees, costs and the award of any and all damages Plaintiff is entitled to under applicable law.

### COUNT III – PENNSYLVANIA MINIMUM WAGE ACT OF 1968

61. Paragraphs 1 through 60 are incorporated by reference as if the same were fully set forth herein.

62. The above-described actions of Defendants constitute a violation of the Pennsylvania Minimum Wage Act as outlined in 43 P.S. § 333.104(c), as Defendants have failed to properly pay Plaintiff the correct shift-differential and overtime compensation.

63. Pursuant to 43 P.S. § 333.113, Plaintiff is entitled to payment of overtime wages that were not paid as well as attorney's fees and costs.

64. WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated damages, interest, attorney's fees, costs, and the award of any and all damages Plaintiff is entitled to under applicable law.

Date: July 6, 2016

Respectfully submitted,

**ARCHINACO/BRACKEN LLC**

By /s/ 
Jason A. Archinaco, Esq.
Robert A. Bracken, Esq.
Michael A. O'Leary, Esq.
1100 Liberty Avenue, Ste. C6
Pittsburgh, PA 15219
Tel. (412) 434-0555
Fax (888) 563-7549

*Counsel for Plaintiff*